IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,           :
                             :     ID No. 1503005476
                             :     In and for Kent County
                             :
          v.                 :
                             :
VERNON D. CEPHAS             :
                             :
          Defendant.         :
                             :

## ORDER

On this 16th day of August 2016, having considered Defendant Vernon D. Cephas'

(hereinafter "Cephas'") Motions to Suppress, and the State's response, it appears that:

1. Cephas is charged with multiple counts of Rape First Degree, Rape Second

Degree, one count of Sexual Solicitation of a Child, and one count of Continuous Sexual

Abuse of a Child. These charges are based on Cephas' alleged conduct of November 2014

through February 2015. After receipt of the warnings required by *Miranda v. Arizona*[1] at

Delaware State Police Troop 3 (hereinafter "Troop 3"), Cephas made statements to

Delaware State Police Detective Csapo (hereinafter "Csapo") and Detective Wright

(hereinafter "Wright") incriminating himself.

2. Cephas filed a motion to suppress the State's use of any statements made at Troop

3. The Court held an evidentiary hearing on the motion on August 4, 2016. The sole basis

of his written motion, which was confirmed at the hearing, was his allegation that

---

[1] 384 U.S. 436, 86 S.Ct. 1602 (1966).

notwithstanding receipt of *Miranda* warnings, his statements to Csapo were not voluntary because his will was overborne and he was intimidated. At the hearing, the State presented the testimony of two witnesses. First, the State presented the testimony of a State Police officer that helped execute the arrest warrant at Cephas' residence. Next, Csapo, the first of the two officers to question Cephas, also testified. The State also offered the videotaped statements made during Csapo and Wright's questioning. Finally, the State provided written transcripts of these statements. The parties stipulated to the accuracy of the transcripts for purposes of the pending motion.

3. A waiver of *Miranda* rights must be knowing, intelligent, and voluntary.[2] Based on "the totality of the circumstances, the court must be satisfied that the waiver was 'the product of a free and deliberate choice rather than intimidation, coercion or deception.'"[3] The burden is on the State, to prove by a preponderance of the evidence, that a waiver of these rights occurred.[4] Delaware applies a two part test to determine whether a waiver of *Miranda* rights is voluntary. The factors include:

> First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice, rather than intimidation, coercion or deception. Second, the waiver must have been made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it. Only 'if the totality of the circumstances surround the interrogation' reveal both an uncoerced choice and

---

[2] *Norcross v. State*, 816 A.2d 757, 762 (Del. 2003)(citation omitted).

[3] *Id.*(citation omitted).

[4] *Govan v. State*, 655 A.2d 307 (Table), at *3 (Del. Jan. 30, 1995).

the requisite level of comprehension may a court properly conclude that the Miranda rights have been waived.[5]

The Delaware Supreme Court has explained these two prongs in more detail. The first prong inquires into whether the waiver resulted from police overreaching.[6] The second prong requires that the defendant comprehend the plain meaning of his *Miranda* rights.[7] A non-exclusive list of factors involved in analyzing the second prong include the behavior of the interrogators, the defendant's conduct, his or her age and intellect, and his or her experience.[8]

4. Cephas argues that three separate circumstances made his wavier of rights involuntary. First, he requested early in the interview that he be able to go to the Sussex Correctional Institute (hereinafter "SCI"). Csapo told him that he did not have the authority to direct where he served his sentence or was held pending trial. Csapo indicated that if Cephas told the truth he might recommend to the judge that he be sent to SCI. Offering to potentially make such a recommendation does not render Cephas' statements involuntary or the product of trickery. Second, Cephas expressed concern about a crack pipe left in the closet of his residence and his concern that children in the residence may find it. Nothing

---

[5] *Bennett v. State*, 992 A.2d 1237 (Table), at *3 (Del. 2010)(quoting *Moran v. Burbine*, 475 U.S. 412 (1986)).

[6] *Id.*

[7] *Id.*

[8] *Id.*

3

about the unattended crack pipe and his concern over children finding it made his statements coerced or overbore his will.  Lastly, at one point, Cephas expressed the need to use the restroom. Questioning continued for approximately ten minutes thereafter.  Cephas then stated a second time that he had to use the bathroom and suggested that he might use the trash can in the interview room.   At that point, Csapo immediately let him use the restroom. This exchange, likewise, did not make Cephas' statements involuntary.  Nor did these three separate circumstances, when viewed in the totality of the circumstances, make his partial confession the result of threats, coercion, or trickery.

5.  Here, the Court has considered the testimony of the officers, reviewed the transcripts of Cephas' questioning, and  reviewed the videotaped statements.  Under the totality of the circumstances, the Court finds that the State met its burden in showing that the statements made by Cephas were voluntarily made after he received *Miranda* warnings. The Court finds the testimony of the officers credible in that during Cephas' arrest in his residence, there was no use of force other than that which is minimally necessary to effect an arrest.  Furthermore, the Court finds based on the testimony of the officers that there were no threats of violence at either the scene of arrest or during the interviews at Troop 3.  The Court observed, on the videotape, the demeanor of both Csapo and Cephas during the questioning.  Csapo was non-threatening in his demeanor throughout the interview, through both tone and physical actions.  Cephas was unhandcuffed, offered a padded chair,  and

seemed relatively relaxed throughout the interview. Although the interviews were long – the first one with Csapo being approximately three hours and the second one with Detective Wright being approximately one hour, there is nothing in evidence before the Court supporting Cephas' argument that his statements were forced or coerced by physical or psychological pressure. The Court finds that the actions of the police did not overbear Cephas's will.

6. All argument at the hearing focused on Csapo's interview. Though Wright's interview was not challenged (other than because it followed the alleged coercive interview of Csapo), the Court finds it also involves only Cephas' voluntary statements. Since Cephas's statements in the interview conducted by Csapo are not suppressed based on *Miranda*, his statements made at the Wright interview also are not suppressed.

7. Accordingly, Cephas motion to suppress his statements pursuant to *Miranda* is DENIED.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Judge

5